**FILED**

JUN 29 1998

LARRY W. PROPES, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Teresa A. Eggers,<br>    Plaintiff, | )<br>)<br>) |
| vs. | ) C/A NO. 7:96-3886-13<br>) |
| Cherokee County Department of<br>Social Services, Glenn Hensley,<br>Rebecca S. Jefferies, and Sandra<br>Greene, in their individual capacities,<br>    Defendants. | ) ORDER<br>)<br>)<br>)<br>)<br>) |

### Introductory Statement

This matter is before the Court to issue a final order on the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(f), D.S.C. For the reasons stated below, this Court orders that summary judgment be entered in favor of the defendants on all causes of action.

### Facts

The plaintiff filed the instant action on December 31, 1996, alleging two causes of action against the Cherokee County Department of Social Services (DSS) and Defendants Hensley, Jefferies and Greene in their individual capacities. Specifically, plaintiff alleged violations of the First and Fourteenth Amendments of the United States Constitution, in violation of 42 U.S.C. § 1983, a cause of action against defendant Greene in her individual capacity for intentional interference with contractual relations, and other state-law claims. On December 15, 1997,



1

following the completion of discovery, the defendants moved for summary judgment on all causes of action. Thereafter, on January 29, 1998, plaintiff filed her memorandum in opposition to the motion for summary judgment. On May 14, 1998, the magistrate issued his Report and Recommendation, which recommended that summary judgment be granted in favor of the defendants on all causes of action.

The magistrate reasoned that summary judgment in favor of defendant Cherokee County Department of Social Services and defendants Hensley, Jefferies, and Greene, in their official capacities, on plaintiff's § 1983 claim was proper because of the immunity conferred by the Eleventh Amendment. *See* Report and Recommendation at 10-15. The magistrate further reasoned that summary judgment was appropriate on plaintiff's First Amendment claim under 42 U.S.C. § 1983 because she failed to produce any evidence of a material issue of fact that the exercise of her free speech rights was a substantial or motivating cause for her discharge. *See* Report and Recommendation at 15-23.[1]

The magistrate also concluded summary judgment was proper on plaintiff's First Amendment Association claim under 42 U.S.C. § 1983, because plaintiff had failed to come forward with evidence indicating her political association was a

---

[1] In addition, the magistrate concluded that even assuming plaintiff could establish a prima facie case of First Amendment retaliatory discharge, the plaintiff's claims still failed because the defendants satisfied their burden of proving that the same action would have been taken in the absence of plaintiff's speech. *See* Report and Recommendation at 22-23.

substantial or motivating factor behind her discharge. See Report and Recommendation at 23-24. Finally, the magistrate recommended summary judgment be granted on plaintiff's state law claims, reasoning that plaintiff failed to provide evidence supporting her argument that the defendants altered her employment at-will status (malicious interference with contractual relations claim), and that plaintiff failed to show her employment was terminated based on her political associations (wrongful discharge claim).

Thereafter, on May 27, 1998, plaintiff filed objections to the Report and Recommendation. On June 10, 1998, the defendants filed a response to the plaintiff's objections to the Report and Recommendation. Each of plaintiff's objections will be addressed in turn.

## Standards of Review

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Matthews v. Weber, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject or modify, in whole or in part, the recommendation of the magistrate, or recommit the matter to him with instructions. See 28 U.S.C. §636(b)(1).

Federal Rule of Civil Procedure 56(c), states in pertinent part, "the judgment sought shall be rendered . . . if there is no genuine issue as to any material fact and

the moving party is entitled to a judgment as a matter of law." Unless there is sufficient evidence for a reasonable jury to return a verdict in favor of the nonmovant, an issue is not genuine. *See Liberty Lobby, Inc.*, 477 U.S. at 248. In making this assessment, the court must view all facts and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *See Smith v. Virginia Commonwealth Univ.*, 84 F.3d 672, 675 (4th Cir. 1996)(*en banc*). Summary judgment is proper when a party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990).

Keeping these standards in mind, the Court turns its attention to the issue of whether summary judgment is appropriate in this case. Even construing plaintiff's allegations in the light most favorable to her, the non-moving party, *see Liberty Lobby, Inc.*, 477 U.S. at 255, this Court grants summary judgment in favor of the defendants on all causes of action.

### Objections to the Report and Recommendation

The plaintiff's first objection (1(a)) is that the magistrate erred in concluding plaintiff's name was not on the December 1, 1995 Certificate of Eligibles list. That is, plaintiff argues that her name was on the Certificate of Eligibles list for the position of Project Administrator on December 1, 1995, prior to the date Sandra Greene was hired for that position, December 12, 1995. This assertion is clearly

4

contrary to the record evidence in this case. Indeed, it is uncontroverted that the Project Administrator was selected from the December 1, 1995 list, and that plaintiff did not take the test to qualify for the Project Administrator position until December 18, 1995. This objection is without merit.

The plaintiff's second objection (1(b)) is that defendants Hensley and Jefferies did not investigate each of plaintiff's complaints, and that they failed to report to plaintiff that those issues had been resolved. However, it is uncontradicted that plaintiff's complaints concerning defendant Greene's competency, and complaints concerning the misuse of Department of Social Services resources, were investigated. *See* Hensley Deposition of November 10, 1997 at 17; Jefferies Deposition at 35-37, 40. This objection is without merit.

The plaintiff's third objection (1(c)) is that the magistrate erred in stating that plaintiff was required to attend meetings of the Cherokee County Social and Health Organization Council ("SHOC") meetings. *See* Report and Recommendation at 6, and n. 5. It is uncontradicted that part of plaintiff's duties included attending SHOC meetings. The objection is without merit.

The plaintiff's fourth, fifth, sixth, seventh and eighth (1(d), 1(e), 1(f), 2(a) and 2(b)) objections are that the magistrate erred in considering certain facts in determining whether defendant possessed sufficient reasons to terminate her employment. The Court has conducted a *de novo* review of those facts, and concludes that they are immaterial to the determination of this matter. Moreover, there is no indication that the magistrate based the Report and Recommendation on

5

these particular facts. Indeed, as defendants properly point out, the magistrate noted that it was irrelevant to his determination when the plaintiff left a particular SHOC meeting. *See* Report and Recommendation at 21, n. 18; Defendants Response to Plaintiff's Objections at 2. The key inquiry was whether plaintiff was absent from the meeting without approval. The record is clear that plaintiff was absent without approval. Upon *de novo* review of these objections, the Court concludes each is without merit.

The plaintiff's ninth objection (2(c)) is that plaintiff was never formally counseled or provided any warnings. The record is uncontradicted, however, that plaintiff was spoken to by defendant Jefferies on a number of occasions regarding her behavior. This objection is without merit.

The plaintiff's tenth objection (3) is that the magistrate erred in concluding that plaintiff's status as an "at will" employee justified her discharge. This objection is completely without merit. The magistrate relied on the proper law in making his recommendation. The magistrate's Report and Recommendation states, in full, that "[t]he Court recognizes that the Supreme Court has made clear that even a probationary employee who could have been discharged for 'any reason or no reason' cannot be terminated for exercising her constitutional right[s] . . . ." *See* Report and Recommendation at 18, n. 16. Simply stated, the magistrate applied the correct law, and plaintiff's assertion to the contrary is rejected.

The plaintiff's eleventh (4) objection is that the magistrate erred in stating she was chronically tardy. However, the plaintiff has not pointed to any support in

6

the record for this assertion. In any event, a *de novo* review reveals that there is ample support to find that defendants decision to terminate plaintiff, even assuming her "promptness," was not based on her exercise of protected rights. This objection is without merit.

The plaintiff's twelfth (5) objection is that the magistrate erred in stating that there was no evidence connecting plaintiff's political association with her discharge. Plaintiff fails to provide the Court with any specific evidence on this issue. Instead, plaintiff states that "[t]he deposition and documentary evidence . . . clearly presents factual questions on this issue." *See* Plaintiff's Objections at 3. However, plaintiff fails to point to any documentary evidence or deposition testimony in support of this claim. The Court holds that the magistrate properly concluded plaintiff has not alleged sufficient facts to demonstrate her discharge was related to her political association. The objection is without merit.

In addition, the Court finds that plaintiff is merely making a broad, unsupported complaint based on the Magistrate's recommendation. "A general objection to the . . . magistrate's report [and recommendation] has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review . . . ." *Howard v. Secretary of HHS*, 932 F.2d 505, 509 (6th Cir. 1991). Accordingly, the Court finds this objection is without merit on this ground as well.

THEREFORE, IT IS ORDERED that summary judgment be, and hereby is, entered in favor of the defendants on all causes of action.

7

IT IS FURTHER ORDERED that this Court hereby accepts and adopts those portions of the magistrate's Report and Recommendation to which there is no objection.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

June 29, 1998.